DR. J. B. SURLES ET AL. v. C. G. GRADY, MAYOR, D. H. SANDERS, JR., ET AL., COMMISSIONERS FOR THE TOWN OF FOUR OAKS.

(Filed 19 October, 1938.)

1. **Municipal Corporations § 44—Held: Election was held under charter provisions requiring approval of majority of qualified voters.**

This action was instituted to restrain defendant town commissioners from issuing bonds for water and sewerage systems. Plaintiffs contended that the election under which the question was submitted to the voters of the town was governed by the town charter, ch. 211, sec. 57, Private Laws of 1929, requiring the approval of a majority of the qualified voters of the town, while defendants contended that the election was held under the Municipal Finance Act, as amended, C. S., 2948 (1), requiring the approval only of a majority of the qualified voters voting in the election. The bond ordinances respectively recited that they were to take effect when approved in an election as provided by the Municipal Finance Act and the town charter, but the notice of the election posted and published by the commissioners recited that a majority of the qualified voters of the town was required in order for the bonds to be issued. *Held:* Regardless to what extent the provisions of the Finance Act and the charter, respectively, were followed, the charter provision requiring the approval of a majority of the qualified voters of the town was followed and was intended to govern the election, and that provision of the charter is controlling.

2. **Taxation § 38a—Upon facts found, plaintiff held entitled to permanent order restraining issuance of municipal bonds.**

Where a municipal bond issue is required to be approved by a majority of the qualified voters of the town, and upon the findings of the court it appears that a majority of the voters of the town did not vote for the issue, plaintiff is entitled to have the temporary order restraining the issuance of the bonds made permanent, even in the absence of a specific finding by the court that a majority of the qualified voters of the town failed to vote for the issuance of the bonds.

APPEAL by plaintiffs from judgment dissolving restraining order entered by *Williams, J.,* at Chambers in Sanford, on 11 July, 1938. From JOHNSTON. Reversed.

*Parker & Lee and Pou & Emanuel for plaintiffs, appellants.*
*Abell & Shepard for defendants, appellees.*

SCHENCK, J. This was an action instituted by plaintiffs, citizens and taxpayers of the town of Four Oaks, to restrain the issuance of bonds of said town for the purpose of constructing water and sewerage systems, respectively, in said town without the approval of a majority of the

qualified voters of said town cast at an election held for that purpose. It is the contention of plaintiffs that for said bond issue to be valid the approval of a majority of the qualified voters of said town was necessary, in compliance with the provisions of chapter 211, section 57, Private Laws of 1929, amending the charter of said town; it is the contention of the defendant town commissioners that said Private Laws did not apply, but that the election was governed by the general law contained in C. S., 2948 (1), being a part of the Municipal Finance Act of 1917, as amended, under which only the affirmative vote of the majority of the voters voting was sufficient.

Section 57, chapter 211, Private Laws 1929, amending the charter of the town of Four Oaks, provides: "That the board of commissioners shall not issue the said bonds nor any of them nor levy nor collect said tax until it shall have been authorized and empowered to do so by a majority of the qualified voters of the town of Four Oaks at an election to be held at such time as said board may appoint of which election notice shall be given . . ."

The Municipal Finance Act of 1917, as amended, C. S., 2948 (1), provides: "If however, the bonds are to be issued for necessary expenses, the affirmative vote of the majority of the voters voting on the bond ordinances shall be sufficient to make it operative, in all cases where the ordinance is required by this act to be submitted to the voters."

On 2 May, 1938, the defendant commissioners adopted two ordinances, one for the issuance of bonds for the construction of a water system, and the other for the issuance of bonds for the construction of a sewerage system. In the first of these ordinances it was provided: "Section 7. This ordinance shall take effect when approved by the voters of the town of Four Oaks, N. C., at an election to be called and held as provided for in the town charter and the Municipal Finance Act, 1921." And in the second ordinance it was provided: "Section 6. This ordinance shall take effect when approved by the voters of the town of Four Oaks, N. C., at an election to be called and held as provided in the Municipal Act, 1921, and the town charter as amended by legislative act, 1929."

In the ordinance adopted by the board of commissioners of the town of Four Oaks calling for an election to pass upon the issuance of bonds for the construction of a water system and sewer system, respectively, the following appears: "Whereas it is necessary that the town of Four Oaks raise or furnish 55 per cent of said project, the estimated cost of the project being $80,000, and whereas it is required by the charter of the town of Four Oaks as amended by the North Carolina Legislature in Session of 1929, that an election be held in said town for the purpose of voting for improvements or against improvements of this nature, a

majority of the qualified votes in said town being necessary for the issuance of general obligation bonds for the purpose of making improvements as asked in said application referred to above."

The notice of the election posted and published by the board of commissioners contained the following: "Pursuant to the provisions of chapter 211 Public Local and Private Laws 1929 Session of the North Carolina Legislature, notice is hereby given that an election will be held in Four Oaks, North Carolina, on Tuesday, 21 June, 1938, for the purpose of voting for or against a water and sewer system for said town, it being proposed to issue bonds in an amount not exceeding $44,000, same to be supplemented by a grant of $36,000 from the Public Works Administration, said bonds not to bear interest at a greater rate than 6 per cent and to be retired within 30 years. Those favoring a water and sewer system and the issuance of said bonds will vote 'Improvements' and those not favoring same will vote 'No Improvements.' A majority of the qualified voters of the town of Four Oaks must vote for 'Improvements' in order for the bonds to be issued and the system installed."

In his Honor's judgment dissolving the restraining order there appears the following: "And the court being of the opinion that said election was called and held under the Municipal Finance Act and that bonds for water and sewerage construction constitute a necessary expense of the town of Four Oaks and that an affirmative vote of the majority of the voters voting is sufficient to carry said election." The plaintiffs, appellants, make this conclusion of law the subject of an exceptive assignment of error in the following language: "1. For that the trial court erred in holding, as a matter of law, that said election was called and held under the Municipal Finance Act and that an affirmative vote of the majority of the voters voting was sufficient to carry the election." We are constrained to sustain this assignment.

We are of the opinion, and so hold, that it appears from the record that the election was held pursuant to the provisions of the Municipal Finance Act of 1917 and of the charter of the town of Four Oaks, chapter 211, Public-Local Laws of 1929. To what extent the provisions of the Finance Act and of the charter, respectively, were followed, or intended to be followed, is unnecessary for us to decide, but we do decide that the provision of the charter that the board of commissioners shall not issue bonds until it shall have been authorized and empowered so to do by a majority of the qualified voters of the town was followed, and was intended to govern the election when the same was called. Therefore, if there was only a majority of the votes of those voting cast for the issuance of the bonds, instead of a majority of the votes of the quali-

fied voters of the town of Four Oaks, the bond issue failed to obtain the majority required, and the judgment dissolving the restraining order was erroneous.

His Honor does not find specifically that a majority of the qualified voters of the town of Four Oaks failed to vote for the issuance of the bonds, but is content to find that such majority was not necessary, and that a majority of those voting was sufficient to authorize the issuance of the bonds, and that such latter majority was obtained. However, from the record and other findings by his Honor it is apparent that the vote of a majority of such qualified voters was not obtained for the bond issue.

According to paragraph fourth (b) of the defendant's answer and the affidavit of S. M. Boyette, registrar of the election, introduced by the defendants, the total number of registered voters in the town of Four Oaks was 263. His Honor in the judgment finds that 143 votes were cast for the bond issue, but that 7 of the votes so cast were cast by disqualified voters and were illegal, leaving the net number of 136 qualified registered votes cast for said bond issue. His Honor further finds that 71 votes were cast against the bond issue, that 16 qualified voters were stricken from the registration book who were entitled to vote and would have voted against the issue if allowed to vote, and that 10 qualified voters were denied registration who would have registered and voted against the issue if permitted to do so, making a total of 97 votes cast and that would have been cast against the bond issue. By adding the 16 voters whose names were wrongfully stricken from the registration book and the 10 qualified voters denied registration to the 263 voters on the books the result is a total of 289, and by subtracting therefrom the 7 affirmative votes found to be illegal there is left a net total of 282 qualified voters of the town of Four Oaks. The 136 legally qualified votes cast for the bond issue falls short of a majority of the 282 qualified legal voters by 6.

The provision of the charter of the town of Four Oaks requiring a majority of the qualified voters to approve a bond issue should have been applied and the restraining order against the issuance and sale of the bonds for the construction of the water and sewer systems should have been made permanent.

For the reasons given, the judgment below is

Reversed.